Overton, J.
 

 delivered the following opinion of the Court: —
 

 This was an action for a malicious prosecution, commenced in the Williamson Circuit, by the appellant against the appellee.
 

 Several exceptions were taken on the trial, some of which have been abandoned by the counsel for the appellant. The points presented to the Court in the course of argument, arising out of the exceptions taken in the cause, are: First, Whether it be proper to permit testimony to be given of what the appellee, who was the prosecutor, swore on the trial of the indictment, without restricting that testimony to such things as were exclusively within the knowledge of the prosecutor. Secondly, Whether it would have been correct for the Circuit Court to have granted a new trial on the affidavit of the plaintiff in the action, against whom the verdict had been found, stating therein only information, without producing the affidavit of any person to whose information he alluded.
 

 The Court has bestowed an attentive consideration on the authorities introduced by the counsel for the appellant on the first point, except the case in 6 Mod. 216, which they have not been able to procure. In examining these authorities, it seems to the Court that the cases put of
 
 felony
 
 and robbery, where there might be no other witness but the prosecutor, are instances by way of illustration in the course of reasoning, and not that it was laid down by
 
 way
 
 of limiting the rule itself. No possible reason can be seen by the Court for such a limitation. If others knew facts sworn by the prosecutor, there would be less inconvenience and danger in admitting the testimony of what he swore, than if it rested only in his own knowledge, because there would exist in the knowledge of others a check to the false swearing of the prosecutor. Besides, a rule of law thus limited would be lost in its application.
 

 When a prosecution is set on foot, no person can tell that a suit for a malicious prosecution will be brought; it would rarely happen that the prosecutor would call on any bystander to take notes of such parts of his testimony as related .to facts within his own knowledge; nor is it presumable that any person present would take such particular notice as to be able, perhaps years afterwards, to distinguish such facts as were stated to be in the knowledge of the prosecutor, supposing this distinction to have been taken at the time of giving the testimony; but this would but seldom happen. It is not probable that the prosecutor would think of stating whether other persons knew the facts or not; and the person accused, not being present, nor counsel for him, it cannot be presumed in most cases that he would be examined with a view to this distinction. On this, ground, the opinion entertained by the circuit judge is correct.
 

 It may not be amiss to consider the second proposition in two points of
 
 *243
 
 view, as it relates to the situation of the jurors, and information respecting witnesses discovered since the trial. On a motion for a new trial, on any ground, resting on the information of others, the mover’s own affidavit alone cannot be sufficient. The affidavit of the person possessing knowledge, or at least the affidavit of some disinterested individual to whom the information was communicated, should be produced. It is not to be presumed that the jurors who were exceptionable would disclose those exceptions, but in some way by which the information might be derived from another person ; and it was necessary to have the affidavit of that person thus receiving the information, and not the mover alone. This reasoning applies with greater force to the information respecting the discovery of testimony since the trial.
 

 Let the judgment be affirmed.